# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JOE RUBEN LIMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| MERCURY SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Joe Ruben Limas, named in the above styled cause, by and through his attorneys, files his Complaint and states as follows:

### JURISDICTION

1. This action arises under a Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

2. This Court maintains subject matter jurisdiction under 42 U.S.C. §§ 1331 because it involves a federal question, 28 U.S.C. §§1343 (3) and 1343 (4) conferring original jurisdiction upon this court of any civil action to recover damages under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201 and, under 42 U.S.C. § 1981.

3. The unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

4. Plaintiff, Joe Ruben Limas, is a Latino male of Cuban descent and a citizen and resident of the United States who at all times relevant hereto, has been a resident of Madison County, Alabama, in the Northern District of Alabama. Plaintiff's residence address is in Rowlett, Texas.

5. Defendant, Mercury Systems, Inc., ("Mercury") is a foreign corporation with its headquarters located in Chelmsford, Maine and operating in Madison County, Alabama, within the Northern District of Alabama.

## ADMINISTRATIVE PROCEEDINGS

6. Within 180 days of the occurrences of which he complains, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Attached here as Exhibit A).

7. On or about, March 6, 2017, the EEOC issued a Notice of Right to Sue (attached hereto as Exhibit B) and Plaintiff has timely filed his Complaint to assert the claims made before the EEOC.

## FACTUAL AVERMENTS

8. Plaintiff restates and realleges the allegations contained in paragraphs

1 through 7 as if fully set out herein.

9. Plaintiff became employed by Defendant in February, 2015, as a Program Manager in the Defendant's Huntsville, Alabama location.

10. Plaintiff held that position for approximately one year, until his termination was proposed on January 8, 2016, to be effective February 5, 2016.

11. In or around July, 2015, Charles Hudnall, the General Manager of Mercury's Huntsville Location, and Plaintiff had a conversation in which Plaintiff told Hudnall he was Cuban by birth. Thereafter, Hudnall began to discriminate and retaliate against Plaintiff by refusing to assign work to Plaintiff and by repeatedly excluding him from leadership meetings which he had previously attended.

12. Thereafter, Plaintiff complained on multiple occasions to Toni-Lynn Alfano, in Human Resources, Bill Munzert, Vice President of Human Resources, and Bob Ferrante, Vice President of Programs. Plaintiff complained about the discriminatory and retaliatory behavior, which continued to occur, each month thereafter, yet no corrective action was taken in response to Plaintiff's complaints.

13. After his complaints of discrimination, Plaintiff was moved under the management of another group in Defendant's New Jersey office.

14. In August, 2015, in further retaliation for Plaintiff's Complaints, Hudnall withheld Plaintiff's performance bonus.

15. Plaintiff complained of this action to Alfano, Munzert and Ferrante, informing them that he felt the withholding of his bonus was further continuation of discrimination and retaliation by Hudnall.

16. Plaintiff was informed on January 8, 2016, that his employment was being terminated effective February 5, 2016. Plaintiff was terminated in retaliation for having complained of race, ethnicity and national origin discrimination.

17. Plaintiff alleges that, at all times relevant hereto, the actions of management were intentional and/or done in reckless disregard for Plaintiff's right to a work environment that is free of racial, ethnicity and/or national origin discrimination and retaliation.

18. Plaintiff avers that Defendant made no effort to protect Plaintiff from racial, ethnicity and/or national origin discrimination, and/or retaliation and that even though he reported and objected to ethnicity discrimination, racial and/or national origin discrimination and retaliation, nothing was done and he was ultimately terminated.

19. Plaintiff avers that as a result of the offensive actions of Defendant's Huntsville, Alabama management, and his complaints to corporate management, Defendant had direct knowledge that said actions were visited upon Plaintiff, that such conduct constituted racial, ethnicity and/or national origin discrimination and

retaliation, and that Defendant failed to take adequate steps to protect Plaintiff therefrom. Defendant thereby authorized, ratified, or participated in those offensive acts.

## COUNT I - 42 U.S.C.§ 1981

20. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 19 of the complaint.

21. Plaintiff avers that the Defendant's conduct constituted disparate treatment, unlawful discrimination because of his race and/or ethnicity as a person of Cuban/Latino descent, and retaliation against Plaintiff because he objected to race and ethnicity discrimination in violation of 42 U.S.C. § 1981. Plaintiff avers that Defendant's actions of discrimination and retaliation against Plaintiff were intentional, performed with malice and/or done with reckless disregard to Plaintiff's federally-protected civil rights, that as a proximate consequence thereof, Plaintiff has been terminated from his employment, lost wages, benefits, and other accrued emoluments associated with his employment; that Plaintiff has been caused to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern; that Plaintiff is entitled to an award of back pay, front pay, benefits, reinstatement, consequential, and compensatory damages against Defendant; that Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious

to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by the trier of fact. As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff has suffered injuries and damages.

22. Defendant engaged in discrimination against Plaintiff on the basis of his race and ethnicity and retaliated against him because he objected to race and ethnicity discrimination with malice or reckless indifference to Plaintiff's rights under 42 U.S.C. § 1981.

23. The conduct described herein constituted unlawful discrimination and retaliation against Plaintiff in terms, conditions, and privileges of employment on the basis of his race in violation of 42 U.S.C. §1981.

24. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. §1981.

**COUNT II - TITLE VII**

25. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 24 of the complaint.

26. Plaintiff avers that the Defendant's conduct constituted disparate treatment, unlawful discrimination because of his race, ethnicity and/or national origin, as a person of Cuban/Latino descent, and retaliation against Plaintiff and

because he objected to race, ethnicity, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq*. Plaintiff avers that Defendant's actions of discrimination and retaliation against Plaintiff were intentional, performed with malice and/or done with reckless disregard to Plaintiff's federally-protected civil rights that as a proximate consequence thereof, Plaintiff has lost wages, benefits, and other accrued emoluments associated with his employment; that Plaintiff has been caused to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern; that Plaintiff is entitled to an award of back pay, front pay, benefits, reinstatement, consequential, and compensatory damages against Defendant; that Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by the trier of fact. As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff has suffered injuries and damages.

27. Defendant engaged in discrimination against Plaintiff on the basis of his race, ethnicity and/or national origin and retaliated against him because he objected to race, ethnicity, and national origin discrimination with malice or reckless indifference to Plaintiff's rights under Title VII.

28. The conduct described herein constituted unlawful discrimination and

retaliation against Plaintiff in terms, conditions, and privileges of employment on the basis of his race and/or ethnicity and/or national origin in violation of Title VII and because he objected to said discrimination.

29.     Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of Title VII.

WHEREFORE, Plaintiff prays that this Court:

a.      Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b.      Enjoin Defendant from engaging in such conduct;

c.      Order that Defendant reinstate and provide employment to Plaintiff, free and clear of racial, national origin and ethnicity discrimination and retaliation;

d.      Award Plaintiff compensatory damages against Defendant that will fully compensate him for mental distress, anguish, pain, suffering and concern that he has suffered as a direct and/or proximate result of the statutory and common law violations of Defendant as set out herein;

e.      Enter a judgment against Defendant for such punitive damages as will properly punish Defendant for the statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendant and others from engaging in similar conduct in the future;

f.  Award Plaintiff his costs, disbursements and attorney's fees;

g.  Assume continuing and indefinite jurisdiction in order to ensure compliance with the terms of the orders requested herein;

h.  Award Plaintiff punitive damages according to the law; and

i.  Grant such further and other legal and equitable relief as it may deem just and proper.

Respectfully submitted this the 2nd day of June, 2017.

/s/ Rebekah Keith McKinney
Rebekah Keith McKinney (ASB-3137-T64J)
Attorney for Plaintiff
WATSON MCKINNEY, LLP
200 Clinton Avenue, W., Suite 110
Huntsville, Alabama  35801
(256) 536-7423
Fax:  (256) 536-2689
mckinney@watsonmckinney.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Mercury Systems, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

9

# EXHIBIT A

| CHARGE OF DISCRIMINATION RECEIVED | AGENCY ☐ FEPA ☒ EEOC | CHARGE NUMBER 420-2016-01147 |
|---|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form. | | |

FEB - 8 2016
U.S. EEOC
Birmingham District Office

and EEOC
_(State or local Agency, if any)_

| NAME (Indicate Mr., Ms., or Mrs.) Mr. Joe Ruben Limas | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mercury Systems | NO. OF EMPLOYEES/MEMBERS 500+ | TELEPHONE NUMBER (Include Area Code) 256-721-1911 |
|---|---|---|
| STREET ADDRESS 555 Sparkman Dr., Suite 400 | CITY, STATE AND ZIP CODE Huntsville, AL 35816 | COUNTY Madison |

| NAME Mercury Systems | | TELEPHONE NUMBER (Include Area Code) 866-627-6951 |
|---|---|---|
| STREET ADDRESS 201 Riverneck Rd. | CITY, STATE AND ZIP CODE Chelmsford, MA 01824 | COUNTY Unknown |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST         LATEST
                 1-8-16
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am a Naturalized United States Citizen and was born in Cuba. I am Hispanic due to my Cuban heritage. I became employed by the above named employer at its Huntsville, Alabama location in February, 2015. I was hired to be a Program Manager. I was assigned to report to Charles Hudnall, the General Manager, of the Huntsville location. In July, 2015, Mr. Hudnall and I had a conversation in which I told him that I was Cuban by birth. Thereafter, Mr. Hudnall began to discriminate against me by refusing to assign work to me and excluding me from leadership meetings, which I had previously been included in. I complained to Toni-Lynn Alfano, the Director of Human Resources, that Mr. Hudnall was discriminating against me because of my race, ethnicity and national origin. No action was taken against Mr. Hudnall and, shortly thereafter, I was moved under the management of another group which was located in Respondent's New Jersey office. In August, Mr. Hudnall withheld my performance bonus, and I complained again to Human Resources, telling Ms. Alfano, Bill Munzert, the Vice President of Human Resources, and Bob Ferrante, the Vice President of Programs, that I believed the withholding of my bonus was further continuation of the previous discrimination I had complained of and was retaliatory for my prior complaints. I complained again about Mr. Hudnall's discriminatory and retaliatory behavior each month thereafter until I was informed on January 8, 2016, that my employment was being terminated effective February 5, 2016.

I believe that I was discriminated against on the basis of my race, color, ethnicity, and national origin with respect to terms and conditions of my work, and was terminated, denied my performance bonus and transferred into another department, among other things, because of my race, color, ethnicity and national origin and in retaliation for having made complaints of discrimination.

| I declare under penalty of perjury that the foregoing is true and correct. 2/5/2016 Date   Joe Ruben Limas Charging Party (Signature) | NOTARY – (When necessary to meet State and Local Requirements) I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
|---|---|

EEOC Form 5 (Rev. 06/92)

# EXHIBIT B

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Joe Limas

From: Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

MAR 08 2017

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-01147 | LIONEL WILEY, Investigator | (205) 212-2073 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Delner Franklin-Thomas,
District Director

MAR 06 2017
(Date Mailed)

Enclosures(s)

cc:  MERCURY SYSTEMS
C/o Thomas A. Davis
JACKSON LEWIS
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209

Rebekah Keith McKinney
WATSON MCKINNEY, LLP
203 Greene Street
Huntsville, AL 35801

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Feb. 8. 2016 5:41PM                                                                 No. 3725   P. 3

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| RECEIVED | ☐ FEPA | 420-2016-01147 |
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form. | ☒ EEOC | |

FEB - 8 2016

U.S. EEOC Birmingham District Office                            and EEOC
_____
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) Mr. Joe Ruben Limas | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Mercury Systems | 500+ | 256-721-1911 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 555 Sparkman Dr., Suite 400 | Huntsville, AL 35816 | Madison |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Mercury Systems | 866-627-6951 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 201 Riverneck Rd. | Chelmsford, MA 01824 | Unknown |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                      LATEST
                              1-8-16
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am a Naturalized United States Citizen and was born in Cuba. I am Hispanic due to my Cuban heritage. I became employed by the above named employer at its Huntsville, Alabama location in February, 2015. I was hired to be a Program Manager. I was assigned to report to Charles Hudnall, the General Manager, of the Huntsville location. In July, 2015, Mr. Hudnall and I had a conversation in which I told him that I was Cuban by birth. Thereafter, Mr. Hudnall began to discriminate against me by refusing to assign work to me and excluding me from leadership meetings, which I had previously been included in. I complained to Toni-Lynn Alfano, the Director of Human Resources, that Mr. Hudnall was discriminating against me because of my race, ethnicity and national origin. No action was taken against Mr. Hudnall and, shortly thereafter, I was moved under the management of another group which was located in Respondent's New Jersey office. In August, Mr. Hudnall withheld my performance bonus, and I complained again to Human Resources, telling Ms. Alfano, Bill Munzert, the Vice President of Human Resources, and Bob Ferrante, the Vice President of Programs, that I believed the withholding of my bonus was further continuation of the previous discrimination I had complained of and was retaliatory for my prior complaints. I complained again about Mr. Hudnall's discriminatory and retaliatory behavior each month thereafter until I was informed on January 8, 2016, that my employment was being terminated effective February 5, 2016.

I believe that I was discriminated against on the basis of my race, color, ethnicity, and national origin with respect to terms and conditions of my work, and was terminated, denied my performance bonus and transferred into another department, among other things, because of my race, color, ethnicity and national origin and in retaliation for having made complaints of discrimination.

| | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 2/5/2016   [signature] Joe Ruben Limas | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date   Charging Party (Signature) | |

EEOC Form 5 (Rev. 06/92)